**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **VICTORIA RHODES; QUINTON GARDNER; SELINA RIGGS; DONELL ELLIS; KWAN JOHNSON** | **PLAINTIFFS** |
| v. | CIVIL ACTION NO. 3:13-CV-214-CWR-LRA |
| **COMPUTER SCIENCES CORPORATION** | **DEFENDANT** |

**ORDER**

Before the Court is Defendant Computer Sciences Corporation's Motion to Transfer [26]. Having considered the parties' submissions and relevant law, the Court finds that the motion should be GRANTED. Plaintiffs' claims against the Defendant will be transferred to the United States District Court for the Eastern District of Virginia.

**I.   FACTUAL BACKGROUND**

On April 10, 2013, Plaintiffs Victoria Rhodes, Quinton Gardner, Selina Riggs, and Donell Ellis filed the present suit against their former employer, Computer Sciences Corporation ("CSC"), a corporation that maintains its headquarters in Falls Church, Virginia. All of the Plaintiffs sued CSC for breach of contract, and Ellis also sued for wrongful termination under the Fair Labor Standards Act, 29 U.S.C. § 215. At the time of their Complaint, Rhodes was a resident of Mississippi while Gardner, Riggs, and Ellis, were residents of South Carolina, Georgia, and Texas, respectively.

Plaintiffs allege that between September 2010 and June 2011, CSC sent letters to Plaintiffs at their residences, offering them employment to work in Kuwait for $31.25 an hour or $31.49 per hour. CSC also sent Plaintiffs a "Foreign Travel" letter advising them that they could receive three types of additional pay for the following: "(1) a pay differential of up to 35%

depending on the location, (2) a hardship allowance of up to 35% and (3) danger pay of up to 35%." Docket No. 1, at 2.

Plaintiffs assert that while working in Kuwait and, from time to time, in Iraq, they worked up to fifteen hours per day in addition to having commuting time of up to three hours per day, yet they were told to only record twelve hours per day on their electronic time sheets. They allege that if they recorded their actual time of fifteen hours, CSC supervisors modified their time to reflect fewer hours. Thus, Plaintiffs allege that CSC breached their contracts by paying them for fewer hours than they actually worked. Although Plaintiffs complained to CSC that they were underpaid, they allege that their complaints were not addressed. Ellis alleges that in retaliation for his persistent complaints about employees being underpaid, CSC terminated his employment.

In August 2013, Plaintiffs were granted leave to add Kwan Johnson, a North Carolina resident, as a plaintiff in this action given the similarity of his claims against CSC. The Amended Complaint filed on August 2, 2013, contains the same allegations as the original Complaint. Docket No. 21.

Approximately two months before Plaintiffs commenced this action, on February 8, 2013, George Rishell filed a lawsuit against CSC in the United States District Court for the Middle District of Florida, Orlando Division, *Rishell v. Computer Sciences Corporation*, Civil Action No. 6:13-CV-213-JA-GJK ("the *Rishell* case"). Similar to Plaintiffs, Rishell asserted a breach of contract claim against CSC for its failure to pay him for all hours worked while he was employed in Kuwait. Pursuant to Federal Rule of Civil Procedure 23, Rishell seeks to certify a class of current and former employees of CSC who worked "in Kuwait any time during the last

five (5) years who have been deprived of the full benefit of their contractual right to be paid for all hours worked." Docket No. 26-2, at 3.

On July 30, 2013, upon CSC's motion, the *Rishell* case was transferred to the United States District Court for the Eastern District of Virginia, Alexandria Division, pursuant to 28 U.S.C. § 1404(a). CSC now moves to transfer the present action to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a), or on the basis that the *Rishell* case was filed first and involves a breach of contract claim similar to the Plaintiffs' claims in this matter.

## II.   DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Although the party seeking transfer has the burden of justifying a venue transfer under § 1404(a), that burden is less demanding than that of a party seeking a *forum non conveniens* dismissal. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 314 (5th Cir. 2008). A district court has "broad discretion in deciding whether to order a transfer." *Id.* at 311 (citation omitted).

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Id.* at 312. If the action could have been filed in the destination venue, a court determines the appropriateness of transferring the action by evaluating four public interest factors and four private interest factors:

> The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3)

3

>the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

*Id.* at 315 (quotation marks, brackets, and citations omitted). These factors are not exclusive or exhaustive, and none of them are dispositive. *Id.*

In the present case, it is undisputed that Plaintiffs could have brought their action against CSC in the United States District Court for the Eastern District of Virginia given that CSC's Falls Church, Virginia, headquarters is located in that district. *See* 28 U.S.C. § 1391(b)(1) (providing that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"). As such, this matter may be transferred to the Eastern District of Virginia if CSC shows "good cause" for transfer, that is, if it "demonstrates that the transferee venue is clearly more convenient . . . ." *Volkswagen*, 545 F.3d at 315. The Court, therefore, considers whether the § 1404(a) private interest factors and public interest factors weigh in favor of transfer.

### A. Private Interest Factors

*1. Relative ease of access to sources of proof.* CSC contends that sources of proof will be more easily accessed in the Eastern District of Virginia than in the Southern District of Mississippi. Although Plaintiffs actually worked for CSC in Kuwait and Iraq, the employment records and payroll records that are relevant to Plaintiffs' breach of contract claims are primarily stored at CSC's headquarters in Falls Church and Aberdeen Proving Ground, Maryland, which is approximately 86 miles from Falls Church. *See* Declaration of George Edwards, Docket No. 26-7. In comparison, although one of the five Plaintiffs, Rhodes, resides in Mississippi, Plaintiffs have not identified any proof that may be found in Mississippi. This factor weighs in favor of transfer.

*2. Availability of the compulsory process to secure attendance of witnesses.* As CSC points out, the area surrounding Falls Church, Virginia, where several nonparty witnesses are located, is geographically far beyond the subpoena power of this Court. On the other hand, according to CSC, three of its former employees who were involved in the recruiting, hiring, and compensation matters pertaining to the Plaintiffs' claims are subject to the subpoena power of the United States District Court for the Eastern District of Virginia. Hence, this factor also suggests that a transfer is appropriate.

*3. Cost of attendance for willing witnesses.* The convenience of the witnesses is often regarded as the most important factor to be considered. *See Jones v. TEPPCO Terminaling & Marketing Co., LLC*, No. 4:11-CV-27-CWR-FKB, 2011 WL 8198697, at *6 (S.D. Miss. Dec. 22, 2011) (citations omitted). Further, the convenience of the nonparty witnesses is accorded the greatest weight by some courts. *Id.* (citation omitted). CSC asserts that its current and former employees who have knowledge of the facts relevant to Plaintiffs' claims reside in Falls Church or within 100 miles of the Eastern District Court of Virginia, Alexandria Division. Thus, it would be much less expensive for CSC's witnesses to travel to Alexandria than to this Court. On the other hand, the only Plaintiff who resides in the Southern District of Mississippi is Rhodes, while two of the five Plaintiffs reside in South Carolina and North Carolina, which are closer to the Eastern District of Virginia than to the Southern District of Mississippi.

Plaintiffs have not identified any nonparty witnesses who would be inconvenienced by the transfer of this action. Nor do they dispute that the witnesses and documents that CSC has identified as relevant are found in or near the Eastern District of Virginia. Instead, they argue that no parol evidence is necessary to construe the employment contracts at issue. For the purposes of deciding whether transfer is proper, this Court need not decide if parol evidence is

5

necessary to interpret the employment contracts because it is clear that appropriate evidence for proving damages in this case includes timesheets, payroll documents, and witness testimony, especially given Plaintiffs' claims for punitive damages. The third factor, just as the other private interest factors, weighs in favor of transfer.

### B. Public Interest Factors

The two public interest factors at issue in this case are "the administrative difficulties flowing from court congestion" and "the local interest in having localized interests decided at home." *Volkswagen*, 545 F.3d at 315. CSC cites to statistics showing that during the 12-month period ending in March 31, 2013, courts in the Eastern District of Virginia disposed of civil cases in less than half of the time of courts in the Southern District of Mississippi, on average. Docket No. 26-8. Further, as of March 31, 2013, there were 302 pending cases per judge in the Eastern District of Virginia, as compared to 362 pending cases per judge in the Southern District of Mississippi. The court congestion factor, therefore, tips the scale in favor of transfer. *See Jones*, 2011 WL 8198697, at *7 (concluding that court congestion factor weighed in favor of transfer when destination court, on average, disposed of cases almost three months sooner than originating court).

Regarding local interests, the Southern District of Mississippi has an interest only because one of the five Plaintiffs resides in the Southern District of Mississippi and may have received an offer letter from CSC at her residence. Mississippi obviously has an interest in protecting one of its citizens. However, the Eastern District of Virginia also has an interest in this case because Plaintiffs' lawsuit challenges the compensation practices of CSC, which has a principal place of business within the district, and because much of the evidence relating to this action is located in or near the district. *See Volkswagen*, 545 F.3d at 317-18 (considering

location of witnesses and evidence when analyzing the local interest factor). This factor is either neutral or weighs slightly in favor of transfer. Regardless, the local interest factor and the court congestion factor together suggest that this case should be transferred.

### III. CONCLUSION

Because CSC has demonstrated that the Eastern District of Virginia is clearly a more convenient venue, CSC's Motion to Transfer is hereby GRANTED.[1]

IT IS, THEREFORE, ORDERED that the Clerk of the Court shall transfer this action to the United States District Court for the Eastern District of Virginia.

**SO ORDERED**, this the 26th day of February, 2014.

                                             s/ Carlton W. Reeves
                                             UNITED STATES DISTRICT JUDGE

---

[1] Because CSC's motion is granted pursuant to 28 U.S.C. § 1404(a), the Court need not analyze whether a transfer is appropriate under the first-to-file rule as argued by CSC.